FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 19 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

AMELA ACKOVIC,

**CV 13 - 0956**

Plaintiff,                          Civil Action No.: 13 Civ. _____.

-against-

400 FIFTH HOTEL GROUP LLC, d/b/a SETAI      **Complaint and Jury Demand**
FIFTH AVENUE, CAPELLA HOTEL GROUP,
LLC and BRIAN FAHEY,

Defendants.                         **DEARIE, J.**

------------------------------------------------------------X      **LEVY, M.J.**

Plaintiff, Amela Ackovic, by her attorneys, The Dweck Law Firm LLP,

complains of Defendants and respectfully alleges to this court as follows:

## NATURE OF THE ACTION

1.      This action seeks redress for violations of Title VII of the Civil Rights Act

of 1964 as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the New York Executive

Law §290, *et seq.* ("NYSHRL"), the Administrative Code of the City of New York §8-

801, *et seq.*, ("NYCHRL"), the Fair Labor Standards Act 29 U.S.C. §201 ("FLSA"), the

New York State Labor Law ("NYLL"), the Family Medical Leave Act, 29 U.S.C. §2611,

*et seq.* ("FMLA") and the New York Minimum Wage Act, N.Y., Art. 19 §650, *et seq.*

("NYLL"). These claims are based upon Defendants' sexual harassment/gender

discrimination, hostile work environment, failure to pay wages and unlawful termination

of Plaintiff's employment.

## JURISDICTION

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331,

28 U.S.C. §1343(4) and 28 U.S.C. §1367.

## VENUE

3.      Venue is properly laid in the Southern District of New York, pursuant to 28 U.S.C. §1391, because the Southern District of New York is the judicial district in the state in which the unlawful employment practices are alleged to have been committed.

### PREREQUISITES FOR THE TITLE VII CLAIMS

4.      Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was accepted for filing and investigation.

5.      On February 7, 2013, the EEOC issued a Notice of Right to Sue ("Right To Sue Letter" which permitted Plaintiff to file a civil action within 90 days of Plaintiff's receipt of the Right To Sue Letter.

6.      Plaintiff commenced this action within 90 days of her receipt of the Right To Sue Letter.

## PARTIES

7.      Plaintiff Amela Ackovic (hereinafter "Plaintiff") is female.

8.      At all times hereinafter mentioned, Plaintiff was and still is a resident of the State of New York.

9.      At all times material herein, Plaintiff was an "employee" entitled to protection within the meaning of Title VII, the NYSHRL, the NYCHRL, the FMLA, the FLSA and NYLL.

10.      Upon information and belief, Defendant 400 Fifth Hotel Group, LLC d/b/a Setai Fifth Avenue ("Setai") is a foreign limited liability company with its principal office located in Delaware.

2

11.     Upon information and belief, Setai conducts business in the County, City, and State of New York.

12.     Upon information and belief, Defendant Capella Hotel Group LLC ("Capella") is a foreign limited liability company with its principal office located in Georgia.

13.     Upon information and belief, Capella conducts business in the County, City, and State of New York.

14.     Upon information and belief, Defendant Bizzi & Partners Development LLC ("Bizzi") is a foreign limited liability company with its principal office located in New York.

15.     Upon information and belief, Bizzi conducts business in the County, City, and State of New York.

16.     Upon information and belief, Setai and Capella were and still are in the business of operating and managing a luxury boutique hotel/condominium in midtown Manhattan.

17.     Setai, Capella and Bizzi are "Employers" within the meaning of Title VII, the NYSHRL, the NYCHRL, the FMLA, the FLSA and the NYLL.

18.     At all times, Setai, Capella and Bizzi had annual gross revenues in excess of $500,000.00.

19.     Setai is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or preceding calendar year.

3

20.     Capella is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or preceding calendar year.

21.     Bizzi is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or preceding calendar year.

22.     At all times material herein, Defendant Brian Fahey ("Fahey") was the Personal Assistant Manager for Setai, Capella and Bizzi.

23.     Fahey actually participated in, and aided and abetted in the conduct giving rise to the discrimination and harassment complained of herein.

24.     Upon information and belief, Fahey resides in the County, City and State of New York.

25.     This action arises out of Defendants' wrongful, illegal and tortious conduct within the State of New York.

**BACKGROUND OF PLAINTIFF'S EMPLOYMENT BY DEFENDANTS**

26.     Plaintiff's employment by Setai and Capella commenced in January 2011 with the title or position of "Personal Assistant."

27.     Plaintiff reported to work at 400 Fifth Avenue, New York, New York, 10018 (the "Hotel").

28.     As a Personal Assistant, Plaintiff's responsibilities were to serve Hotel guests and condominium owners by providing them with tourism advice, securing their transportation, making restaurant reservations, organizing flower deliveries, obtaining theater tickets, booking makeup artists, stylists, massage therapists and providing any other service that the Hotel guests and condominium owners required.

4

29.     At all times during her employment by Setai, Capella and Bizzi, Plaintiff reported to Fahey.

30.     At all times during the course of her employment by Setai, Capella and Bizzi, Plaintiff performed her job responsibilities competently, faithfully, diligently and in an outstanding manner.

## SEXUAL HARASSMENT & PERVASIVELY HOSTILE WORK ENVIORNMENT

31.     During Plaintiff's employment by Setai, Capella and Bizzi, Defendants created, promoted and maintained a hostile work environment and atmosphere which subjected Plaintiff to multiple acts of sexual harassment and discrimination.

32.     The hostile work environment and atmosphere created, promoted and maintained by Setai, Capella and Bizzi also subjected Plaintiff to gender based discrimination.

33.     Plaintiff was the target of Fahey's repeated sexual innuendos, sexual epithets, derogatory slurs and sexually explicit speech, which included, but were not limited to the following:

> (a) suggesting that Plaintiff should appear in pornographic magazines;
>
> (b) starring at Plaintiff's breasts;
>
> (c) commenting on the manner in which Plaintiff's uniform fit her form;
>
> (d) asking Plaintiff if she had undergone breast augmentation surgery; and
>
> (e) encouraging Plaintiff to engage in sexual acts with other women.

34.     Although Setai, Capella and Bizzi were aware of Fahey's inappropriate behavior, none made any attempt to stop his conduct, and thereby fostered the pervasively hostile work environment.

5

## WAGE THEFT

**Pay Rate**

35.     While employed by Setia, Capella and Bizzi, Plaintiff's compensation was comprised of the following components: (1) hourly pay at a base rate of $23.00 per hour; (2) commissions for booking transportation and other services; and (3) gratuities.

36.     Although it varied, Plaintiff estimates that she worked approximately 45 hours per week.

37.     Setai, Capella and Bizzi failed to pay Plaintiff at a rate of one and one half times her normal hourly compensation rate for all hours over 40 worked in a workweek.

38.     Plaintiff's hours included running errands for hotel guests, at Fahey's direction, both before reporting to the Hotel as well as after her shift ended.

**Unpaid Hours**

39.     Setai, Capella and Bizzi failed to compensate Plaintiff for time she spent running errands at Fahey's direction.

**Commissions Earned**

40.     Setai, Capella and Bizzi also failed to compensate Plaintiff for the commissions she earned for booking travel arrangement for Hotel guests.

41.     Setai, Capella and Bizzi instructed all Personal Assistants to book all transportation for guests through its exclusive provider Fortune Limousine.

42.     Fortune Limousine charged Hotel guests a significant premium over and above the customary cost of travel within New York City and to local airports.

43.     Upon information and belief, Fortune Limousine paid Setai, Capella and Bizzi for referring Hotel guests to it for their travel needs.

6

44. The sums that Setai, Capella and Bizzi received from Fortune Limousine were the commissions that comprised one of the components of Plaintiff's compensation package.

45. Defendants were supposed to divide the Fortune Limousine commissions evenly among the Personal Assistants.

46. The Fortune Limousine commissions constitute wages under the FLSA and NYLL.

47. Defendants engaged in a practice of retaining a portion of the commissions instead of paying the Personal Assistants the commissions that they earned.

**Cash Gratuities**

48. Another component of Plaintiff's compensation was the cash gratuities that Hotel guests often gave to Personal Assistants.

49. The cash gratuities constitute wages under the FLSA and NYLL.

50. Defendants' policy mandated that all cash gratuities be pooled and divided among the Personal Assistants.

51. Fahey was responsible for recording the cash gratuities on an Excel Spreadsheet and distributing the money to the Personal Assistants.

52. Rather than recording the actual sum of cash gratuities received, Fahey engaged in a practice of minimizing and misrepresenting the amount on the Excel Spreadsheets.

53. Rather than delivering the actual cash gratuities to Personal Assistants, Fahey engaged in a practice of retaining a portion of the sums received from Hotel guests.

7

54. As a result of the foregoing practices, Plaintiff issued complaints to Defendants concerning their failure to pay overtimes wages, wages for hours worked, commissions and gratuities (the "Wage Theft Complaints").

55. Plaintiff's Wage Theft Complaints constitute protected activities under the FLSA and NYLL.

56. Defendants terminated Plaintiff's employment as a direct result of her protected complaints about wage theft.

57. By virtue of the acts complained of herein, Defendants retaliated against Plaintiff in violation of the FLSA and NYLL.

## FMLA LEAVE

58. On May 22, 2012, Plaintiff issued a request to exercise her right to leave under the FMLA.

59. Plaintiff issued her FMLA leave request after she had been employed by Setai, Capella and Bizzi for more than twelve (12) months and performed at least 1,250 hours of work during that period.

60. Plaintiff was entitled to receive leave pursuant to the FMLA.

61. On May 23, 2012, Plaintiff submitted a written application to Fahey for leave pursuant to the FMLA .

62. On May 25, 2012, two days after Plaintiff submitted her FMLA application, Fahey advised Plaintiff that he had decided to terminate her employment.

63. According to Fahey, the reason for Plaintiff's termination was that she failed to smile at a co-worker while she was engaged in serving a Hotel guest.

64. Upon information and belief, this reason is pretext for FMLA retaliation.

8

65. Plaintiff objected to her termination and notified Setai, Capella and Bizzi's Human Resources Director of the pending application for FMLA leave.

66. As a result of Plaintiff's objection, Setai and Capella reinstated Plaintiff and permitted her to take leave pursuant to the FMLA.

67. On July 20, 2012, Plaintiff concluded her FMLA leave.

68. Upon returning to work, Fahey treated Plaintiff less favorably than similarly situated employees that did not exercise the right to FMLA leave.

69. On October 1, 2012, Defendants suspended Plaintiff's employment.

70. On October 8, 2012, Defendants terminated Plaintiff's employment for the second time.

71. The alleged reasons for Plaintiff's termination were that she failed to smile at a co-worker while she was engaged in serving a Hotel guest, she refused to permit a reservationist to speak to a Hotel guest, she recommended that a Hotel guest consider purchasing some items at K-Mart and she accepted a ride from Fortune Limousine in November 2011.

72. Upon information and belief, these reason are pretext for FMLA retaliation.

### AS AND FOR A FIRST COUNT
*(Gender Discrimination/Sexual Harassment – Title VII)*

73. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "72" inclusive with the same force and effect as if fully set forth at length herein.

74. By virtue of the acts complained of herein, Defendants discriminated against Plaintiff based upon her gender, in violation of Title VII.

9

75.     As a direct and proximate result of the unlawful and discriminatory practices of Defendants, Plaintiff has sustained substantial damages, the amount of which is to be determined by a jury.

## AS AND FOR A SECOND COUNT
### *(Gender Discrimination/Sexual Harassment – NYSHRL)*

76.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "72" inclusive with the same force and effect as if fully set forth at length herein.

77.     By virtue of the acts complained of herein, Defendants discriminated against Plaintiff based upon her gender, in violation of the New York State Executive Law.

78.     As a direct and proximate result of the unlawful and discriminatory practices of Defendants, Plaintiff has sustained substantial damages, the amount of which is to be determined by a jury.

## AS AND FOR A THIRD COUNT
### *(Gender Discrimination/Sexual Harassment – NYCHRL)*

79.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "72" inclusive with the same force and effect as if fully set forth at length herein.

80.     By virtue of the acts complained of herein, Defendants discriminated against Plaintiff based upon her gender, in violation of Article 8 of the New York City Administrative Code.

81.     As a direct and proximate result of the unlawful and discriminatory practices of Defendants, Plaintiff has sustained substantial damages, the amount of which is to be determined by a jury.

## AS AND FOR A FOURTH COUNT
*(Wage Theft – FLSA)*

82.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "72" inclusive with the same force and effect as if fully set forth at length herein.

83.     Setai, Capella and Bizzi failed to compensate Plaintiff at the proper overtime rate of one and one half times her normal hourly rate(s), for all hours over 40 worked by Plaintiff in a given workweek.

84.     Setai, Capella and Bizzi failed to pay Plaintiff for all of the hours that she worked.

85.     Setai, Capella and Bizzi had no good faith basis for believing that their pay practices were in compliance with the FLSA, and their conduct therefore constitutes a "willful" violation of the FLSA.

86.     As a direct and proximate result of Defendants' unlawful wage theft, Plaintiff is entitled to all damages available under the FLSA, including all unpaid wages, overtime pay, liquidated damages, attorney's fees, as well as costs and interest.

## AS AND FOR A FIFTH COUNT
*(FLSA Retaliation)*

87.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "72" inclusive with the same force and effect as if fully set forth at length herein.

88.     Defendants terminated Plaintiff's employment as a direct result of her protected complaints about wage theft.

89.     By virtue of the acts complained of herein, Defendants retaliated against Plaintiff in violation of the FLSA.

11

90.     As a direct and proximate result of the unlawful and discriminatory practices of Defendants, Plaintiff has sustained substantial damages, and is entitled to recover all damages available under the FLSA.

## AS AND FOR A SIXTH COUNT
### *(Wage Theft - NYLL)*

91.     Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "72" inclusive with the same force and effect as if fully set forth at length herein.

92.     Setai, Capella and Bizzi failed to compensate Plaintiff at the proper overtime rate of one and one half times her normal hourly rate(s), for all hours over 40 worked by Plaintiff in a given workweek.

93.     Setai, Capella and Bizzi failed to compensate Plaintiff for all of the hours that she worked.

94.     Setai and Capella failed to compensate Plaintiff for all of the commissions that she earned and which she was entitled to receive as a component of her compensation package.

95.     Setai and Capella failed to compensate Plaintiff for all of the gratuities that she earned.

96.     Setai and Capella had no good faith basis for believing that their pay practices were in compliance with the NYLL, and their conduct therefore constitutes a "willful" violation of the NYLL.

97.     As a direct and proximate result of Defendants' unlawful wage theft, Plaintiff is entitled to all damages available under the NYLL, including all unpaid wages, overtime pay, liquidated damages, attorney's fees and costs.

## AS AND FOR A SIXTH COUNT
### *(NYLL Retaliation)*

98.   Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "72" inclusive with the same force and effect as if fully set forth at length herein.

99.   Defendants terminated Plaintiff's employment as a direct result of her protected complaints about wage theft.

100.   By virtue of the acts complained of herein, Defendants retaliated against Plaintiff in violation of the NYLL.

101.   As a direct and proximate result of the unlawful and discriminatory practices of Defendants, Plaintiff has sustained substantial damages, and is entitled to recover all damages available under the NYLL.

## AS AND FOR A EIGHTH COUNT
### *(Unjust Enrichment)*

102.   Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered "1" through "72" inclusive with the same force and effect as if fully set forth at length herein.

103.   Defendants have retained commissions and gratuities that rightfully belong to Plaintiff.

104.   Defendants are liable to Plaintiff in the amount of compensation that they have unlawfully withheld from her.

**WHEREFORE,** Plaintiff demands the following relief:

a)      a money judgment against Defendants for her damages, including, but not limited to, lost wages, lost benefits, other economic damages, shame, humiliation, embarrassment and mental distress;

13

  b)  reinstatement or in the alternative front pay;

  c)  unpaid wages and overtime wages;

  d)  liquidated damages;

  e)  an award of punitive damages and attorney's fees;

  f)  prejudgment interest and costs; and

  g)  such further and additional relief as the Court deems just and proper under

the circumstances.

             THE DWECK LAW FIRM, LLP


             By: Corey Stark (CS-3897)
             *Attorneys for Plaintiff*
             75 Rockefeller Plaza
             New York, New York  10019
             (212) 687-8200

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

Dated: New York, New York
February 14, 2013

THE DWECK LAW FIRM, LLP

By Corey Stark (CS-3897)
*Attorneys for Plaintiff*
75 Rockefeller Plaza
New York, New York 10019

15